**NOT FOR PUBLICATION**

AUG 5 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANDIDA ROSA RIVERA DE ALMANZA, a.k.a. Candida Rosa Rivera, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71109 <br><br> Agency No. A073-945-466 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Candida Rosa Rivera de Almanza, a native and citizen of Nicaragua,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision finding her inadmissible for engaging

in alien smuggling and denying her applications for asylum and related relief.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's determination of purely legal questions, and review for substantial evidence the agency's factual findings. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We deny the petition for review.

Contrary to Rivera de Almanza's contention, the agency correctly found her inadmissible for engaging in alien smuggling where the uncontested facts showed that she undertook affirmative acts in aid of a smuggling attempt. *See* 8 U.S.C. § 1182(a)(6)(E)(i); *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2004) (smuggling statute "requires an affirmative act of help, assistance, or encouragement").

Substantial evidence supports the agency's determination that Rivera de Almanza failed to establish a well-founded fear of future persecution in Nicaragua on account of an imputed political opinion. She presented no evidence that the Sandinista government would impute a political opinion to her based on her husband's and brothers' desertion from the Sandinista army decades ago, and that the government would persecute her on account of that imputed opinion. *See Al-Harbi v. INS*, 242 F.3d 882, 890 (9th Cir. 2001); *see also Robleto-Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010) (no likelihood of future persecution where the petitioner "presented no evidence indicating that the current

2                                                                                          09-71109

administration [in Nicaragua] persecutes . . . family members of those who opposed the Sandinistas more than twenty years ago").

Rivera de Almanza has waived any challenge to the agency's determinations that she failed to demonstrate past persecution, failed to establish a fear of future persecution on account of actual political opinion or membership in a particular social group, and failed to meet her burden with respect to her claims for withholding of removal and relief under the Convention Against Torture. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in his or her opening brief).

In light of our disposition, we need not consider Rivera de Almanza's contentions concerning the applicability of the REAL ID Act and the adequacy of the immigration judge's adverse credibility determination.

**PETITION FOR REVIEW DENIED.**